# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

    v.                                                                                              **Case No. 06-CR-9**

**MARVIN CLEMENTS**
    **Defendant.**

## ORDER

On July 6, 2011, I revoked defendant's supervised release and sentenced him to 9 months in prison, with no further supervision to follow. Specifically, I found that defendant violated his conditions of release by engaging in conduct constituting bail jumping under state law and by failing to timely notify the supervising probation officer of police contact. Defendant appealed, and the case is pending before the Seventh Circuit.

On November 14, 2011, defendant filed a letter with the court, indicating that the state cases pending at the time I revoked and sentenced him have been concluded. He asks that I (1) facilitate his release to a halfway house in Milwaukee, based on the lifting of the state detainers, and (2) grant him his original supervised release discharge date of December 19, 2011, based on changed circumstances (ostensibly, the dismissal of state charges).

Defendant's notice of appeal divested my control over those aspects of the case involved in the appeal. See, e.g., United States v. Ali, 619 F.3d 713, 722 (7th Cir. 2010). Moreover, the sentencing court generally lacks jurisdiction to superintend the BOP's decisions regarding pre-release custody under 18 U.S.C. § 3624(c), see United States v. Willis, No. 04-CR-190, 2007 WL 2703019, at *1 (E.D. Wis. Sept. 12, 2007); United States v. Smith, No.

06-86, 2007 WL 1412069, at *1 (W.D. Pa. May 10, 2007), or to modify a judgment to account for post-sentencing events, see Baboolal v. United States, No. 08-C-696, 2009 WL 939570, at *2 (E.D. Wis. Apr. 3, 2009).

**IT IS ORDERED** that these requests (R. 96) are **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2011.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge